IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EFREM STUTSON, )
)
               Petitioner, )    Civil No. 07-1648-HO
)
v. )    <u>O R D E R</u>
)
CHARLES DANIELS, )
)
               Respondent. )

    Petitioner is housed by the Bureau of Prisons at the Federal Correctional Institute in Sheridan, Oregon. Petitioner previously sought relief pursuant to 28 U.S.C. § 2255 regarding his conviction in the Northern District of Alabama. Petitioner filed a successive petition in Alabama which was also denied. Petitioner contends that the judge who heard his first 2255 petition passed away and that the judge who dismissed his successive petition did not certify that he was familiar with the record pursuant to Fed. R. Civ. P. 63.[1] Accordingly, petitioner now seeks relief pursuant to 28

---

    [1]It is unclear from petitioner's pleading if he is claiming that
(continued...)

U.S.C. § 2241 before this court. Petitioner still seeks to challenge his underlying conviction through this latest petition. Respondent moves to dismiss.

Generally, motions to contest the legality of a sentence must be filed under section 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to section 2241 in the custodial court. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000). Petitioner in this case attempts to challenge the legality of his sentence.

Under the savings clause of section 2255, however, a federal prisoner may file a habeas corpus petition pursuant to section 2241 to contest the legality of a sentence where his remedy under section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; <u>see</u> <u>Moore v. Reno</u>, 185 F.3d 1054, 1055 (9th Cir. 1999). A section 2255 petition is not inadequate or ineffective to test the legality of his detention in this case.

Petitioner cannot file a successive or second petition without authorization from a circuit court pursuant to 28 U.S.C. 2244. Section 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of section 2255

---

<sup>1</sup>(...continued)
the criminal trial judge passed away and the all subsequent 2255 judges failed to provide Rule 63 certification or if he is only claiming that the judge who disposed of his second 2255 petition should have complied with Rule 63. Nonetheless, as will be discussed, 28 U.S.C. § 2241 is not the appropriate vehicle for this case.

2 - ORDER

merely because a court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of section 2255. Moore v. Reno, 185 F.3d 1054 (9th Cir. 1999).

Petitioner, as noted above, has already sought relief under 28 U.S.C. § 2255. Before a second or successive petition may be filed under section 2255, it must be certified by a circuit panel as involving either newly discovered evidence or a retroactively applicable new rule or constitutional procedure. See 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(2). Petitioner has not obtained such certification from the Eleventh Circuit. Therefore, a district court would lack jurisdiction over a subsequent 2255 petition. Petitioner, however, argues that it is Fed. R. Civ. P. 63 that permits him to seek relief under section 2241.

Rule 63 applies, in civil cases, if a judge conducting a hearing or trial is unable to proceed. In such cases, another judge may proceed upon certifying familiarity with the record. The rule does not prevent a new judge from hearing a petition under 28 U.S.C. § 2255 after a previous judge presided over a criminal trial or a separate section 2255 proceeding. Petitioner's novel attempt to circumvent the procedural requirements for successive 2255 petitions is not well-taken and the petition is denied.

3 - ORDER

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss (#7) is granted. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied and this proceeding is dismissed.

DATED this 13th day of May, 2008.

_____
United States District Judge

4 - ORDER